**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **VRM (VENDOR RESOURCE** | § | |
| **MANAGEMENT), DULY AUTHORIZED** | § | |
| **AGENT FOR THE SECRETARY OF** | § | |
| **VETERANS AFFAIRS** | § | |
| | § | |
| **V.** | § | **A-13-CV-0013 SS** |
| | § | |
| **MARK MCGILLIVRAY AND** | § | |
| **ALL OCCUPANTS OF 202 SETLLERS** | § | |
| **VALLEY DRIVE PFLUGERVILLE,** | § | |
| **TEXAS 78660** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Application to Proceed *In Forma Pauperis* (Clerk's Doc.

No. 1), filed on January 7, 2013. The Court submits this Report and Recommendation to the United

States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court

Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges.

**I.  ANALYSIS**

**A.      IFP Status**

After considering Defendant Mark McGillivray's financial affidavit, the Court finds that he

is indigent. Accordingly, the Court HEREBY GRANTS Defendants *in forma pauperis* status in the

instant case. Because Defendants have been granted leave to proceed *in forma pauperis*, the Court

is required by standing order to review the action pursuant to 28 U.S.C. §1915(e)(2).

**B.     Review under Section 1915**

Section 1915(e)(2) provides that a court shall dismiss a case at any time if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

C.     **Jurisdiction**

In the instant case, after Defendants' house was foreclosed on, the Subject Property was conveyed to the Secretary of Veterans Affairs by way of Warranty Deed.  After Defendants refused to vacate the Property, Plaintiff Vendor Resource Management, a Duly Authorized Agent for the Secretary of Veterans Affairs ("Plaintiff") filed an Original Petition for Forcible Detainer against Defendants on December 14, 2012, in the Justice Court of Precinct 2 of Travis County, Texas (Cause No. 68506).  On October 31, 2012, Defendants removed the detainer action to Federal Court on the basis of  28 U.S.C. § 1332, contending that "Plaintiff is a United States Federal Agency and the amount in controversy is greater than $75,000."[1]

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Thus, federal courts possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. *Id.*  A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  "The removing bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. Cas. Ins. Co*, 276 F.3d 720, 723 (5th Cir. 2001).

As noted, Defendants invoke this Court's jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to Title 28 U.S.C. § 1332, federal courts have subject matter

---

[1]On January 15, 2013, VRM filed a Motion to Remand the case due to a lack of subject matter jurisdiction.  The Motion to Remand is currently pending before the District Court and has not been referred to the instant Magistrate Court.

jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  In order for a federal court to exercise subject matter jurisdiction under the rubric of "diversity jurisdiction," there must be complete diversity between the opposing parties.  *Corefield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003), *cert. denied*, 541 U.S. 1073 (2004).  Complete diversity does not exist in this case because Plaintiff and Defendants are all citizens of Texas.  VRM is not a federal agency as Defendant avers but, rather, a corporation.  A corporation is deemed to be a citizen of any State in which it is incorporated and its principal place of business is located. 28 U.S.C. § 1332(c)(1).  VRM's principal place of business is located in Carrollton, Texas and, thus, VRM would appear to be a Texas corporation for diversity purposes. Accordingly, Defendants have failed to show that complete diversity exists in this case.

In addition, Defendants have failed to show that the amount in controversy exceeds $75,000 in this case.  In a forcible detainer action, the amount in controversy "is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property." *Wells Fargo Bank, v. Matts*, 2012 WL 6208493 at * 5 (N.D. Tex. Dec. 13, 2012).  Thus, Defendants' allegations regarding the market value of the Property at issue are insufficient for purposes of satisfying the amount in controversy.

It should also be noted that the Court does not have federal question jurisdiction in this case under 28 U.S.C. § 1331.  A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).  Moreover, there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.  *MSOF Corp. v. Exxon Corp.*, 295 F.3d

485, 490 (5th Cir.), 537 U.S. 1046 (2002). The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).

The Original Petition in this case raises no federal claims or issues, as it simply brings a forcible detainer cause of action, which is governed by Texas law. The Fifth Circuit has specifically held that a defendant cannot remove a case to federal court and circumvent jurisdiction of a state court in a simple forcible detainer proceeding or suit to evict brought pursuant to the Texas Property Code by asserting a possible federal issue in a counterclaim or answer. *Stump v. Potts*, 322 F. App'x 379, 380, 2009 WL 1033592 (5th Cir. 2009). See also, *U.S. Bank Nat'l Assoc. v. McAfee*, 2013 WL 48500 at * 2 (N.D. Tex. Jan. 3, 2013) (remanding detainer action to state court since no federal question jurisdiction exited).

Based upon the foregoing, the Court finds that it does not have subject matter jurisdiction over the instant detainer suit and that the case should therefore be remanded to state court.

## II.  RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court **REMAND** this case to the Justice Court of Precinct 2 of Travis County, Texas.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of January, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE